940 F.2d 677
 92-1 USTC P 50,026
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
EUROPEAN AMERICAN BANK & TRUST COMPANY, European American
Banking Corporation, and European American
Bankcorp, Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 90-5147.
 United States Court of Appeals, Federal Circuit.
 July 23, 1991.
Rehearing Denied Oct. 8, 1991.
 
 Before PAULINE NEWMAN, MAYER and LOURIE, Circuit Judges.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 European American Bank & Trust Company, European American Banking Corporation, and European American Bank-Corp (collectively "EAB") appeal the June 19, 1990, judgment of the United States Claims Court, allowing the United States' motion for partial summary judgment and dismissing that portion of EAB's complaint seeking a tax refund. The taxes were imposed on accrued interest on loans for which EAB had previously taken bad debt deductions. See European American Bank and Trust Co. v. United States, 20 Cl.Ct. 594 (1990). We affirm.
 
 DISCUSSION
 
 2
 We review the grant of summary judgment by the Claims Court de novo. Turner v. United States, 901 F.2d 1093, 1095 (Fed.Cir.1990). The issues addressed by the Claims Court--whether there was a reasonable expectancy of receiving both principal and interest on the Birds loans, the value of the security, and whether other sources of payment were available--were not raised in the motion for summary judgment or otherwise before the court, and EAB was denied the opportunity to present its case on these issues. However, the parties agreed that the issues raised in the government's motion were fully briefed by both sides and that disposition on those issues was appropriate. In view of this posture of the case, we decide this appeal on the basis of the motion made by the government and briefed by the parties about which the parties agreed there were no genuine issues of material fact.
 
 
 3
 The issues raised in the government's motion were: (1) whether EAB should be permitted to first apply loan payments received or expected to principal, and thus avoid tax on its interest income; and (2) whether EAB had a reasonable expectancy that the interest income would be paid, without considering whether principal on the loan would be paid.
 
 
 4
 The terms of the loan documents provided that the payments were to be first applied to the payment of interest accrued and unpaid, then to items not relevant to this dispute, and thereafter to principal. [A140] The only time the payments could be applied in a different order was "after the Note has been declared due and payable, " after which payments could be applied "in the sole interest of the holder of the Note, without regard to the effect such action may have upon the rights of any other person under the assignment...." [A141] Under the agreement, the holder may declare the notes due and payable, inter alia, upon the insolvency of the Birds companies. Although EAB argues that the Birds companies were insolvent in January 1976, when the estimated value of the reserves was reduced, at no time did EAB declare the notes due and payable. Failure to declare the loan in default precludes EAB from deviating from the contract requirement that payments be allocated to interest first. Such declaration puts the payor on notice that interest deductions on future payments are no longer available. In any event, whatever the reason for the contract provision, it is controlling.
 
 
 5
 EAB argues that, regardless of the provisions of the loan documents, the cash payments it received may not be applied first to interest because "[t]here can be no income so long as there is significant doubt that principal will be recovered." We disagree.
 
 
 6
 The law is clear that a taxpayer who has entered into a contract that characterizes payments made thereunder in a certain way is not free to disregard the contract's terms and adopt a different characterization having more favorable tax consequences. See Proulx v. United States, 594 F.2d 832, 839-40 (Ct.Cl.1974); Commissioner v. Danielson, 378 F.2d 771, 775 (3d Cir.), cert. denied, 389 U.S. 858 (1967) (en banc). Whether the principal on the loan was likely to be paid is not relevant to the issues before us. At no time was EAB entitled under the loan documents to treat the cash payments as anything other than interest first, unless the loan was in default. It may not now modify the terms of that contract; such a result would nullify the reasonably predictable tax consequences of the agreement between the parties to the loan contract. Since payors appear to have deducted these payments, permitting EAB to avoid their accrual as income might provide them with an unexpected and unjustified windfall to the detriment of the treasury.
 
 
 7
 EAB cites authority for the proposition that where there is no reasonable expectation of recouping a loan, income recognition is not required. However, in none of the cases cited was there a contractual provision, as here, that required treatment of payments first as interest.
 
 
 8
 The interest due for the years in question amounted to approximately $6.8 million, while the cash actually received by EAB amounted to $6.3 million. [1050] The value of the reserves ranged between $11.76 and $16.97 million during these years. [1050] Thus, the cash actually received by EAB was only $500,000 less than the total amount of interest that was due on the loans, and the value of the collateral securing the loans was at least $11 million during this period. In these circumstances, there was a reasonable expectancy that the interest would be paid. Accordingly, we affirm the Claims Court's judgment.
 
 
 9
 PAULINE NEWMAN, Circuit Judge, dissenting.
 
 
 10
 I respectfully dissent, for the panel majority has not reached a correct conclusion of law.
 
 
 11
 The sole issue raised in the government's motion for summary judgment was whether the accrued payments during the tax years 1976-79 must, as a matter of law, be applied to satisfy interest accruals first, where the stipulated value of the oil reserves was sufficient to cover the aggregate amount of interest, but was insufficient to cover the principal. This question was not answered by the Claims Court, and has been incorrectly answered by the panel majority.
 
 
 12
 The contract provision relied upon by the majority is not dispositive of the case. Taxpayers do not have the unrestrained right to decide the tax status of their transactions. Whether EAB was required to comply with the terms of the contract regarding allocation of payments to interest may have been an issue of private contract, but it is not a disposition under the tax law. The issue that must be considered, in resolving the tax treatment of the payments made, is whether there was a reasonable expectation during the tax year in review that the principal would be repaid. See Willhoit v. Commissioner, 308 F.2d 259, 263-64 (9th Cir.1962) (the uncertainty of payment must be considered in deciding whether payments are attributed to principal or income).
 
 
 13
 The Claims Court granted the government's motion for summary judgment, but was silent on the only ground raised therein. Instead, the Claims Court discussed a large number of other aspects, none of which was raised in the motion or fully developed at argument. EAB correctly complains of this procedure. The Claims Court identified the premises and findings on which it relied, including the fact that most of the remaining principal and interest was eventually paid; the failure of EAB to give notice of default; the general uncertainty of estimates of oil reserves; and the foreseeability of decontrol of oil prices. EAB is correct that these points were not raised in the government's motion. Indeed, for the purposes of its motion, the government stipulated that the oil reserves would cover the interest but not the principal.
 
 
 14
 If the Claims Court believed that the case should be decided on premises other than those in the government's motion, the taxpayer was entitled to the opportunity to develop the facts and argue the premises. EAB argues that insufficient weight was given to the actions of the New York bank examiners in reclassifying the loan, to the bad debt deduction that was taken and approved by the Service, the erroneous estimate of the reserves, and other facts. None of these issues was raised in the government's motion, and they were inadequately before the trial court. See Skaw v. United States, 740 F.2d 932, 936 (Fed.Cir.1984) (reversing summary judgment made on grounds not raised in the motion).
 
 
 15
 I would remand to the Claims Court for trial. Due weight must be given to whether the taxpayer, at the time these taxes were payable, had a reasonable expectation that principal would not be repaid. For when the borrower has defaulted, the payments actually made are not chargeable to interest. See Phillips v. Frank, 295 F.2d 629, 633-34 (9th Cir.1961 (payments constituted return of capital until they exceeded cost). That EAB did not give notice of default under the circumstances of this case is a factor to be considered, along with the other factors, in deciding whether EAB had a reasonable expectation of repayment. For if the principal were not likely to be paid, as a matter of law the payment is not interest. See e.g., First Federal Savings & Loan Ass'n v. United States, 660 F.2d 767, 769 (Ct.Cl.1981) (rental payments on foreclosed property not income where rents plus sales proceeds did not equal loan principal). This fact must be viewed as of the time the tax return was filed; its weight is not properly assessed with hindsight--a point that was somewhat ambiguously treated by the Claims Court. I would remand for factual determination of whether EAB had a reasonable expectation of recovering principal and interest, in light of all the facts and circumstances.